**AEP–PRI INC., Plaintiff–Appellant,**

v.

**GALTRONICS CORPORATION LTD., Galtronics Electronics (Wuxi) Co. Ltd., Defendants–Appellees.**

**No. 13–3795–cv.**

United States Court of Appeals, Second Circuit.

Aug. 25, 2014.

---

Francis A. Miniter, Kensington, CT, for Appellant.

David P. Zaslowsky (Laura R. Zimmerman, on the brief), Baker & McKensie LLP, New York, NY, for Appellees.

PRESENT: WALKER, RICHARD C. WESLEY, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

AEP–PRI Inc. ("AEP") appeals from two orders of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*) one dismissing AEP's complaint and another denying AEP's motion to amend the judgment.

Under 28 U.S.C. § 1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." "We give careful scrutiny to assignments which might operate to manufacture diversity jurisdiction." *Airlines Reporting Corp. v. S & N Travel, Inc.,* 58 F.3d 857, 862 (2d Cir.1995).

"[A]ssignments between parent companies and their subsidiaries"—as occurred here—"must be treated as presumptively ineffective." *Id.* To overcome this presumption, the plaintiff-assignee must "articulate a legitimate business purpose for the assignment." *Id.* at 863. The district court properly determined that AEP failed to do so in this instance.

The district court was also within its discretion to deny AEP's motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Given the facts of this case, the district court was in its discretion to reject AEP's offered explanation for why it had failed to previously provide the "new" facts included in its motion to amend.

We have considered AEP's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is

**AFFIRMED.**